IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:25-cv-00140-MR-WCM

| | |
|---|---|
| JASMINE GRIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WAL-MART INC., ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Motion to Dismiss of Defendant Wal-Mart Inc. [Doc. 3].

**I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On March 6, 2025, the Plaintiff Jasmine Grier initiated this action by filing his *pro se* Complaint against Defendant Wal-Mart Inc. in the Superior Court for Cleveland County, North Carolina. [Doc. 1-1]. The Plaintiff's Complaint appears to assert claims against the Defendant for "Wrongful Termination" and "Retaliation." [Id. at 5]. The Plaintiff also alleges a "Loss of benefits/seniority" and refers to a "Right to Sue letter file no. 211253." [Id. at 5-6]. The Complaint contains no other allegations, and the "Right to Sue letter" is not attached. [Id.].

On May 12, 2025, the Defendant timely filed a Notice of Removal to this Court. [Docs. 1, 1-3]. On May 19, 2025, the Defendant moved to dismiss the Plaintiff's Complaint in its entirety for failure to allege facts sufficient to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 3]. On May 21, 2025, the Magistrate Judge entered an Order advising the *pro se* Plaintiff to review and respond to the Defendant's Motion to Dismiss. [Doc. 4]. The Magistrate extended the Plaintiff's deadline for filing a response to June 16, 2025. [Id.]. The Plaintiff, however, failed to file a response. Accordingly, this matter is ripe for adjudication.

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id.

In reviewing the Complaint, the Court must accept the truthfulness of all factual allegations but is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The

2

mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012); see also Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Twombly, 550 U.S. at 555)).

Determining whether a complaint states a plausible claim for relief is "a context-specific task," Iqbal, 556 U.S. at 679, which requires the Court to assess whether the factual allegations of the Complaint are sufficient "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555. As the Fourth Circuit has explained:

> To satisfy this standard a plaintiff need not forecast evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements. Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is probable, the complaint must advance the plaintiff's claim across the line from conceivable to plausible.

Walters, 684 F.3d at 439 (citations and internal quotation marks omitted).

## III. DISCUSSION

The Defendant moves to dismiss on grounds that the Plaintiff has failed to plead any factual allegations in his Complaint that could establish the elements of his claims. [Doc. 4 at 1].

3

Because the Plaintiff filed his Complaint *pro se*, the Court is "compelled to construe his pleadings liberally." Bing v. Brivo Sys., LLC, 959 F.3d 605, 618 (4th Cir. 2020). A liberal construction, however, "does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." Id. Nor does liberal construction require courts "to conjure up questions never squarely presented to them" or "to construct full blown claims from sentence fragments." Beaudett v. City of Hampton, 775 F.2d 1274,1278 (4th Cir. 1985).

Here, the Plaintiff's Complaint contains only the labels for his wrongful termination and retaliation claims, the assertion of lost benefits and seniority, and a reference to a "Right to Sue letter file no. 211253." [Doc. 1-1 at 5-6]. Liberally construed, the Complaint's reference to the "Right to Sue letter" appears to be an attempt to incorporate the Plaintiff's North Carolina Department of Labor complaint form by reference. [Doc. 4 at 2]. The Plaintiff, however, has not presented a copy of the Right to Sue letter to the Court.[1] As a result, the Court cannot consider the allegations contained in that form. The remainder of the Plaintiff's Complaint presents no factual allegations that could advance his claims of wrongful termination or

---

[1] While the Defendant indicates that the NCDOL complaint form is attached to its Motion to Dismiss as Exhibit A, no exhibits are attached to the motion. [Doc. 4 at 2].

4

retaliation across the line from conceivable to plausible. Accordingly, the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is granted, and the Plaintiff's claims against the Defendant are dismissed with prejudice.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Motion to Dismiss of Defendant Wal-Mart Inc. [Doc. 3] is **GRANTED**, and the Plaintiff's claims against Defendant Wal-Mart Inc. are **DISMISSED WITH PREJUDICE.**

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**  Signed: August 25, 2025

Martin Reidinger
Chief United States District Judge